1  KAREN P. HEWITT
   United States Attorney
2  ANNE KRISTINA PERRY
   Assistant U.S. Attorney
3  California State Bar No. 107440
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5767

6

7  Attorneys for Plaintiff
   United States of America

8
                    UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,      )  Criminal No. 08CR1728-IEG
                                  )
11               Plaintiff,       )  DATE: June 30, 2008
                                  )  TIME: 2:00 pm
12      v.                        )
                                  )  GOVERNMENT'S RESPONSE AND
13 JOSE GONZALEZ-PERALES (2),     )  OPPOSITION TO DEFENDANT'S
                                  )  MOTIONS TO:
14               Defendant.       )
                                  )  (1) COMPEL FURTHER DISCOVERY
15                                )      AND PRESERVE EVIDENCE;
                                  )  (2) FILE FURTHER MOTIONS;
16                                )  (3) MOTION FOR JOINDER
                                  )
17                                )  TOGETHER WITH STATEMENT OF FACTS,
                                  )  MEMORANDUM OF POINTS AND
18 _____)  AUTHORITIES, AND GOVERNMENT'S
                                  )  MOTION FOR RECIPROCAL DISCOVERY
19

20      COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and

21 through its counsel, KAREN P. HEWITT, United States Attorney, and Anne

22 Kristina Perry, Assistant United States Attorney and hereby files its

23 response and opposition to defendant's above-referenced motions.  This

24 response and opposition is based upon the files and records of the

25 case, together with the attached statement of facts and memorandum of

26 points and authorities.  The Government also hereby files its motion

27 for reciprocal discovery.

28

I.

STATEMENT OF THE CASE

On May 28, 2008, a Federal Grand Jury seated in San Diego, California, returned a two-count indictment charging the Defendant with importation of cocaine, in violation of Title 21, United States Code, Sections 952 and 960 and possession of cocaine with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1).  The Defendant is presently in custody.  On June 23, 2008, Defendant filed the above captioned motions.  The United States files the following response.

II.

STATEMENT OF FACTS

On May 14, 2008, at approximately 10:20 a.m., Defendants Jesus Manuel Perez and Jose Gonzalez-Perales entered the United States at the Calexico, California, West Port of Entry. Perez was driving a brown 2000 Chrysler Sebring, and Gonzalez was a passenger in the vehicle.  The vehicle was registered in Perez' name, and bore California license plate 6AMX949.  At the primary inspection area, the Defendants gave Customs and Border Protection Officer (CBPO) J. Stensgard negative customs declarations.  The vehicle was selected for secondary inspection by an automated targeting system, and Perez appeared nervous when CBPO Stensgard told him that the vehicle was being referred to secondary.

At secondary inspection, Perez told CBPO L. Garcia that he owned the vehicle, and that he and Gonzalez were traveling to Calexico to go shopping.  CBPO Garcia requested that the two Defendants exit the vehicle, and asked CBPO S. Barela to conduct an inspection of the Sebring using his Narcotics Detector Dog, "Astrix." During the

inspection, CBPO Garcia noted that both defendants acted nervous and that their hands were shaking.  Astrix entered the vehicle and alerted to the backseat rest portion of the vehicle's interior.  The Defendants were immediately handcuffed.  Further inspection of the vehicle by CBPO Garcia revealed 20 packages concealed in a non-factory compartment behind the backseat.  The packages were wrapped in clear cellophane with tan-colored packing tape.  A probe of the packages produced a white powdery substance, which field-tested positive for cocaine.  The 20 packages had a combined net weight of approximately 22.60 kilograms (49.72 pounds).

Perez and Gonzalez were each placed under arrest and each were separately advised of their Miranda Rights.  During each interview, both Perez and Gonzalez acknowledged their rights, waived their rights, and agreed to answer questions.  During the Perez interview, Perez stated to Immigration and Customs Enforcement Agent Dotson that he thought that the vehicle contained 20 kilograms of marijuana.  Perez stated that he was to be paid $1,500.00 to take the vehicle to the "hotel near the carwash" in Calexico, Ca.  Perez and Gonzalez are friends and they spend time together.  Perez stated that Gonzalez called him the day before to arrange a ride to Gonzalez' Probation Officer's house in El Centro, Ca. Perez picked Gonzalez up from Gonzalez' girlfriend's house on the morning of May 14, 2008.

During the Gonzalez interview, Gonzalez denied knowledge of any illegal substance in the vehicle.  He stated that he had never seen the vehicle before May 14, 2008.  Gonzalez stated that he and Perez are roommates and that they don't see each other very much.  He claimed that they happened to meet each other as Gonzalez was going

to the bus station in order to see his Probation Officer, and that Perez offered Gonzalez a ride instead.

III.

POINTS AND AUTHORITIES

A.  DEFENDANT'S DISCOVERY MOTION

The defendant has received 125 pages of discovery in this case. The following responds to the defendant's specific requests:

1.  The Defendant's Statements

The Government has produced arrest reports disclosing the substance of all oral and written statements of the Defendants.  The Government will continue to produce discovery related to Defendants' statements made in response to questions by Government agents.  The Government notes that Defendants were advised of their <u>Miranda</u> rights, and Defendants subsequently waived those rights.  The Government has already turned over the law enforcement reports containing the substance of Defendants' pre-and post-arrest statements.

2.  Tangible Things

The Government will provide copies of and/or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant.

The Government will try to preserve all evidence to which Defendant is entitled, but objects to any global request for preservation of all evidence as contrary to <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57 (1988) (improper and unwise to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution"). As to any seized contraband, Defendant is

08CR1728

placed on notice that secured storage limitations generally require that all but the test sample of contraband be destroyed 60 days after seizure.

    3.  <u>Expert Witness</u>

    The Government will comply with its obligation under F.C.R.P. 16(a)(1)(D).

    4.  <u>Brady Material</u>

    The Government will comply with its obligation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

    5.  <u>Jencks Act Material</u>

    The Government will comply with its obligation pursuant to the Jencks Act.

    6.  <u>Arrest Reports, Notes and Dispatch Tapes</u>

    The Government has provided the Defendant with arrest reports. Relevant oral statements of Defendant are included in the reports already provided.  Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

    A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they compromise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519 (9th Cir. 1992); <u>United States v. Spencer</u>, 618 F.2d 605 (9th Cir. 1980); <u>see also</u> <u>United States v. Griffin</u>, 659 F.2d 932 (9th Cir. 1981).

    7.  <u>Lists and Addresses of Witnesses</u>

    The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such

1  list is not required. See United States v. Dischner, 960 F.2d 870

2  (9th Cir.1992); United States v. Culter, 806 F.2d 933, 936 (9th

3  Cir.1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir.1987).

4  Defendant, however, is not entitled to the production of addresses or

5  phone numbers of possible Government witnesses. See United States

6  v.Hicks, 103 F.3d 837, 841 (9th Cir.1996); United States v. Thompson,

7  493 F.2d 305, 309 (9th Cir.1977), cert. denied, 419 U.S. 834 (1974).

8  The defendant has already received access to the names of potential

9  witnesses in this case in the investigative reports previously

10 provided to him.

11    8.  Names of Witnesses Favorable to Defendant

12    The Government is not aware of any witness who made a favorable

13 statement concerning defendant. The Government will provide Defendant

14 the name of any such witness should it become known.

15    9.  Statements Relevant to the Defense

16    The Government will perform its duty under Brady v. Maryland, 373

17 U.S. 83 (1963).

18    10.  Evidence Affecting Perception and Recollection

19    The Government will provide the Defendant with evidence

20 pertaining to a potential impairment of any witness's ability to

21 perceive, remember, communicate, or tell the truth as the existence

22 of such evidence is made known and available.

23    11.  Agreements Between the Government and Witnesses

24    To date there are no agreements between the Government and any

25 of its witnesses.

26    12.  Impeachment Evidence

27    The Government will comply with its obligations to disclose

28 impeachment evidence under Giglio v. United States, 405 U.S. 150

6                                        08CR1728

(1972).   The Government will also provide the criminal history and prior <u>material</u> acts of misconduct, if any, of its trial witnesses as mandated in <u>Giglio</u>.  In addition, the Government will disclose all impeachment material, if any, when it files its trial memorandum, although it is not required to produce such material until after its witnesses have testified at trial.  <u>United States v. Bramble</u>, 103 F.3d 1475 (9th Cir.1996).

13.  <u>The Defendant's Prior Record</u>

It is believed that the Defendant has a prior criminal history, and information pertaining to such will be provided as part of discovery.

14.  <u>Evidence Seized and Tangible Objects</u>

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized and/or tangible objects that are within the possession, custody, or control of the United States, and that are either material to the preparation of Defendant's defense, or are intended for use by the United States as evidence during its case-in-chief, or were obtained from or belongs to Defendant.  The United States need not, however, produce rebuttal evidence in advance of trial.  <u>See</u> <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984).

15.  <u>Opportunity to Inspect and Reweigh Contraband</u>

As stated previously, the United States has, and will continue to comply with Fed. R. Crim. P. 16(a)(1)(C)in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of

Defendant's defense or is intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant.  To this end, the Government has requested that the drugs in this case be preserved pending an order from the Court or resolution of this case, whichever is soonest.

B.    <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>

Defendant moves for leave to file "further motions."  The Government has no opposition to this request given that reports are pending.

C.    <u>MOTION FOR JOINDER</u>

The Government does not object to the Defendant's motion for joinder.

IV.

THE GOVERNMENT'S MOTION FOR RECIPROCAL
<u>DISCOVERY SHOULD BE GRANTED</u>

The Government moves for all discovery to which it is entitled under Fed. R. Crim. P. 16(b) and 26.2.

//
//
//
//
//
//
//
//
//
//
//

8

1
V.

2
CONCLUSION

3     For the above stated reasons, the Government respectfully

4 requests that the Defendant's motions be denied, except where

5 unopposed, and the Government's motion for reciprocal discovery be

6 granted.

7     DATED:    June 30, 2008.

8                                          Respectfully submitted,

9                                          KAREN P. HEWITT
                                           United States Attorney
10
                                           S/Anne Perry
11                                         ANNE PERRY
                                           Assistant U.S. Attorney
12                                         anne.perry2@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          UNITED STATES DISTRICT COURT

2                        SOUTHERN DISTRICT OF CALIFORNIA

3    UNITED STATES OF AMERICA,      )          Case No. 08CR1728IEG
                                    )
4                   Plaintiff,      )
                                    )
5              v.                   )
                                    )          CERTIFICATE OF SERVICE
6    JOSE GONZALEZ-PERALES (2)      )
                                    )
7                   Defendant.      )
     ───────────────────────────────)
8
     IT IS HEREBY CERTIFIED THAT:
9
10        I, ANNE PERRY, am a citizen of the United States and am at least
     eighteen years of age.  My business address is 880 Front Street, Room
     6293, San Diego, California 92101-8893.
11
12        I am not a party to the above-entitled action.  I have caused
     service of Government's Response and Opposition to Defendant's Motions
     on the following parties by electronically filing the foregoing with
13   the Clerk of the District Court using its ECF System, which
     electronically notifies them.
14
          **Jack Boltax, Esq.**
15        Email:  jbefile@gmail.com

16        I declare under penalty of perjury that the foregoing is true and
     correct.
17
          Executed on June 30, 2008.
18
                                        s/Anne Perry
19                                      ANNE PERRY

20

21

22

23

24

25

26

27

28