KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant U.S. Attorney
California State Bar No. 107440
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5767

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08CR1728-IEG |
| Plaintiff, | DATE: June 30, 2008<br>TIME: 2:00 pm |
| v. | GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: |
| JOSE GONZALEZ-PERALES (2), | |
| Defendant. | (1) COMPEL FURTHER DISCOVERY AND PRESERVE EVIDENCE;<br>(2) FILE FURTHER MOTIONS;<br>(3) MOTION FOR JOINDER |
| | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its response and opposition to defendant's above-referenced motions. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities. The Government also hereby files its motion for reciprocal discovery.

I.

STATEMENT OF THE CASE

On May 28, 2008, a Federal Grand Jury seated in San Diego, California, returned a two-count indictment charging the Defendant with importation of cocaine, in violation of Title 21, United States Code, Sections 952 and 960 and possession of cocaine with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1). The Defendant is presently in custody. On June 23, 2008, Defendant filed the above captioned motions. The United States files the following response.

II.

STATEMENT OF FACTS

On May 14, 2008, at approximately 10:20 a.m., Defendants Jesus Manuel Perez and Jose Gonzalez-Perales entered the United States at the Calexico, California, West Port of Entry. Perez was driving a brown 2000 Chrysler Sebring, and Gonzalez was a passenger in the vehicle. The vehicle was registered in Perez' name, and bore California license plate 6AMX949. At the primary inspection area, the Defendants gave Customs and Border Protection Officer (CBPO) J. Stensgard negative customs declarations. The vehicle was selected for secondary inspection by an automated targeting system, and Perez appeared nervous when CBPO Stensgard told him that the vehicle was being referred to secondary.

At secondary inspection, Perez told CBPO L. Garcia that he owned the vehicle, and that he and Gonzalez were traveling to Calexico to go shopping. CBPO Garcia requested that the two Defendants exit the vehicle, and asked CBPO S. Barela to conduct an inspection of the Sebring using his Narcotics Detector Dog, "Astrix." During the

1 inspection, CBPO Garcia noted that both defendants acted nervous and
2 that their hands were shaking.  Astrix entered the vehicle and alerted
3 to the backseat rest portion of the vehicle's interior.  The
4 Defendants were immediately handcuffed.  Further inspection of the
5 vehicle by CBPO Garcia revealed 20 packages concealed in a non-factory
6 compartment behind the backseat.  The packages were wrapped in clear
7 cellophane with tan-colored packing tape.  A probe of the packages
8 produced a white powdery substance, which field-tested positive for
9 cocaine.  The 20 packages had a combined net weight of approximately
10 22.60 kilograms (49.72 pounds).

11     Perez and Gonzalez were each placed under arrest and each were
12 separately advised of their Miranda Rights.  During each interview,
13 both Perez and Gonzalez acknowledged their rights, waived their
14 rights, and agreed to answer questions.  During the Perez interview,
15 Perez stated to Immigration and Customs Enforcement Agent Dotson that
16 he thought that the vehicle contained 20 kilograms of marijuana.
17 Perez stated that he was to be paid $1,500.00 to take the vehicle to
18 the "hotel near the carwash" in Calexico, Ca.  Perez and Gonzalez are
19 friends and they spend time together.  Perez stated that Gonzalez
20 called him the day before to arrange a ride to Gonzalez' Probation
21 Officer's house in El Centro, Ca. Perez picked Gonzalez up from
22 Gonzalez' girlfriend's house on the morning of May 14, 2008.

23     During the Gonzalez interview, Gonzalez denied knowledge of any
24 illegal substance in the vehicle.  He stated that he had never seen
25 the vehicle before May 14, 2008.  Gonzalez stated that he and Perez
26 are roommates and that they don't see each other very much.  He
27 claimed that they happened to meet each other as Gonzalez was going
28

to the bus station in order to see his Probation Officer, and that Perez offered Gonzalez a ride instead.

### III.

### POINTS AND AUTHORITIES

A. <u>DEFENDANT'S DISCOVERY MOTION</u>

The defendant has received 125 pages of discovery in this case. The following responds to the defendant's specific requests:

1. <u>The Defendant's Statements</u>

The Government has produced arrest reports disclosing the substance of all oral and written statements of the Defendants. The Government will continue to produce discovery related to Defendants' statements made in response to questions by Government agents. The Government notes that Defendants were advised of their <u>Miranda</u> rights, and Defendants subsequently waived those rights. The Government has already turned over the law enforcement reports containing the substance of Defendants' pre-and post-arrest statements.

2. <u>Tangible Things</u>

The Government will provide copies of and/or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant.

The Government will try to preserve all evidence to which Defendant is entitled, but objects to any global request for preservation of all evidence as contrary to <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57 (1988) (improper and unwise to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution"). As to any seized contraband, Defendant is

placed on notice that secured storage limitations generally require that all but the test sample of contraband be destroyed 60 days after seizure.

    3.  <u>Expert Witness</u>

The Government will comply with its obligation under F.C.R.P. 16(a)(1)(D).

    4.  <u>Brady Material</u>

The Government will comply with its obligation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

    5.  <u>Jencks Act Material</u>

The Government will comply with its obligation pursuant to the Jencks Act.

    6.  <u>Arrest Reports, Notes and Dispatch Tapes</u>

The Government has provided the Defendant with arrest reports. Relevant oral statements of Defendant are included in the reports already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they compromise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519 (9th Cir. 1992); <u>United States v. Spencer</u>, 618 F.2d 605 (9th Cir. 1980); <u>see also</u> <u>United States v. Griffin</u>, 659 F.2d 932 (9th Cir. 1981).

    7.  <u>Lists and Addresses of Witnesses</u>

The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such

list is not required.  See <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir.1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir.1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir.1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses.  See <u>United States v.Hicks</u>, 103 F.3d 837, 841 (9th Cir.1996); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977), <u>cert. denied</u>, 419 U.S. 834 (1974). The defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

8.   <u>Names of Witnesses Favorable to Defendant</u>

The Government is not aware of any witness who made a favorable statement concerning defendant.  The Government will provide Defendant the name of any such witness should it become known.

9.   <u>Statements Relevant to the Defense</u>

The Government will perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

10.  <u>Evidence Affecting Perception and Recollection</u>

The Government will provide the Defendant with evidence pertaining to a potential impairment of any witness's ability to perceive, remember, communicate, or tell the truth as the existence of such evidence is made known and available.

11.  <u>Agreements Between the Government and Witnesses</u>

To date there are no agreements between the Government and any of its witnesses.

12.  <u>Impeachment Evidence</u>

The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150

1  (1972). The Government will also provide the criminal history and
2  prior material acts of misconduct, if any, of its trial witnesses as
3  mandated in Giglio. In addition, the Government will disclose all
4  impeachment material, if any, when it files its trial memorandum,
5  although it is not required to produce such material until after its
6  witnesses have testified at trial. United States v. Bramble, 103 F.3d
7  1475 (9th Cir.1996).
8       13.  The Defendant's Prior Record
9       It is believed that the Defendant has a prior criminal history,
10 and information pertaining to such will be provided as part of
11 discovery.
12      14.  Evidence Seized and Tangible Objects
13      The United States has complied and will continue to comply with
14 Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity,
15 upon reasonable notice, to examine, inspect, and copy all evidence
16 seized and/or tangible objects that are within the possession,
17 custody, or control of the United States, and that are either material
18 to the preparation of Defendant's defense, or are intended for use by
19 the United States as evidence during its case-in-chief, or were
20 obtained from or belongs to Defendant. The United States need not,
21 however, produce rebuttal evidence in advance of trial. See United
22 States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).
23      15.  Opportunity to Inspect and Reweigh Contraband
24      As stated previously, the United States has, and will continue
25 to comply with Fed. R. Crim. P. 16(a)(1)(C)in allowing Defendant an
26 opportunity, upon reasonable notice, to examine, copy and inspect
27 physical evidence which is within the possession, custody or control
28 of the United States, and which is material to the preparation of

Defendant's defense or is intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant. To this end, the Government has requested that the drugs in this case be preserved pending an order from the Court or resolution of this case, whichever is soonest.

    B.    <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>

Defendant moves for leave to file "further motions." The Government has no opposition to this request given that reports are pending.

    C.    <u>MOTION FOR JOINDER</u>

The Government does not object to the Defendant's motion for joinder.

## IV.

### THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The Government moves for all discovery to which it is entitled under Fed. R. Crim. P. 16(b) and 26.2.

//
//
//
//
//
//
//
//
//
//
//

# V.

## CONCLUSION

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

DATED:   June 30, 2008.

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        S/Anne Perry
                                        ANNE PERRY
                                        Assistant U.S. Attorney
                                        anne.perry2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                        )<br>          Plaintiff,                   )<br>                                        )<br>     v.                                 )<br>                                        )<br> JOSE GONZALEZ-PERALES (2)              )<br>                                        )<br>          Defendant.                    )<br> _____) | Case No. 08CR1728IEG<br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

     I, ANNE PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     **Jack Boltax, Esq.**
     Email: jbefile@gmail.com

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on June 30, 2008.

                                              s/Anne Perry
                                              ANNE PERRY