KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant U.S. Attorney
California State Bar No. 107440
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.08cr1728 IEG |
| | ) | |
| Plaintiff, | ) | DATE: September 15, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE IN |
| JESUS MANUEL PEREZ, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION TO SUPPRESS STATEMENTS |
| Defendant. | ) | Together with Statement of |
| | ) | Facts, Memorandum of Points |
| | ) | and Authorities, and the |
| | ) | United States' Notice of |
| _____ | ) | 404(b)evidence |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and
through its counsel, Karen P. Hewitt, United States Attorney, and
Anne Kristina Perry, Assistant United States Attorney, and hereby
files its response and opposition to Defendant's above-referenced
motions.  Said response is based upon the files and records of
this case, together with the attached memorandum of points and
authorities.

**I**

**STATEMENT OF FACTS**

On December 15, 2006, a blue Plymouth Voyager entered the
Calexico, West, Port of Entry.  The van was driven by the
defendant, JESUS MANUEL PEREZ.  He told Customs and Border

1  Protection Officer J. Martinez that he was a U.S. citizen, and

2  that he was going to work.  However, Martinez noticed that PEREZ's

3  hands were shaky, and PEREZ was unable to tell him the name of the

4  work place.  MARTINEZ referred the vehicle to secondary

5  inspection, where the vehicle was screened by a Narcotics Detector

6  Dog.  The dog, "Senna," alerted to the back seat near the driver's

7  side panel.  A total of 42.80 of what was later determined to be

8  marijuana was recovered from the vehicle (Exhibit 1)

9       ICE agents Henderson and Cervantes conducted an interview of

10  PEREZ.  Prior to any questioning, Agent Cervantes advised PEREZ of

11  his constitutional rights, using a printed form, attached hereto

12  as Exhibit 2.  PEREZ relinquished his rights and spoke to the

13  agents.  He advised that he was crossing drugs for someone named

14  Cesar (Exhibit 3).  Eventually, he pled guilty to a charge of

15  Importation of Controlled Substance, in Case No. 07cr0099 BEN

16  (Exhibit 4, 5).  Records in this courthouse demonstrate that PEREZ

17  was sentenced to a term of 18 months' custody and was to serve

18  three years' supervised release (Exhibit 6).

19       On May 14, 2008, at about 10:20 in the morning, JESUS MANUEL

20  PEREZ entered the Calexico West Port of Entry, driving a brown

21  Chrysler Sebring.  He was not alone on this occasion; he was

22  accompanied by passenger Jose Gonzales-Perales.  PEREZ stated that

23  he had nothing to declare, but the vehicle was referred to

24  secondary as a hit from an automated targeting system.  Customs

25  and Border Protection Officer Stensgard noticed that PEREZ started

26  to get nervous when he learned he was being referred to secondary.

27

28                                    2

1  At secondary inspection, Customs and Border Protection
2  Officer Garcia questioned PEREZ about the ownership of the
3  vehicle, and his destination. PEREZ stated that he was heading to
4  Calexico to go shopping and that he owned the vehicle. Narcotics
5  Detector Dog Astrix alerted to the back seat of the vehicle.
6  There were twenty packages of white substance in a specially built
7  compartment in the back of the car. The substance field-tested
8  positive for cocaine.

9  ICE agents Dotson and Gates responded to the port of entry.
10  They conducted an interview of the defendant, a DVD of which will
11  be provided to the Court (and has been provided in discovery) as
12  Exhibit 8. The Advice of Rights form provided to PEREZ on this
13  occasion was identical to the one he received in 2006, as can be
14  seen from Exhibit 7 (translated by a court-certified interpreter).
15  The defendant was told that he had brought cocaine into the United
16  States, and there is a noticeable change in his demeanor (later
17  explained by his explanation that he thought he was crossing
18  marijuana). After he agreed to talk to the agents, PEREZ advised
19  that he had been hired by a man named Carlos to cross marijuana.
20  Carlos had an associate named Cesar.

21                                **II**

22                            **ARGUMENT**

23     **THE MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED**

24  A.  Standards Governing Admissibility of Statements

25  A statement made in response to custodial interrogation is
26  admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18

27

28                                3

U.S.C § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. Colorado v. Connelly, 479 U.S. 157, 167-70 (1986)(preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity is a necessary predicate to suppression of any statement. Id.; cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973) ("Some of the factors taken into account have included the youth of the accused, his lack of education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as deprivation of food or sleep.) (citation omitted). Although it is possible for a defendant to be in such a poor mental or physical condition that they cannot rationally waive their rights (and misconduct can be inferred based on police knowledge of such condition, Connelly, 479 U.S. at 167-68), the condition must be so severe that the defendant was rendered utterly incapable of rational choice. United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992) (collecting cases rejecting claims of physical/mental

4

1  impairment as insufficient to prevent exercise of rational

2  choice).

3  B.   <u>Rules Governing Grant or Denial of Evidentiary Hearing</u>.

4      Under the Ninth Circuit and Southern District precedent, as

5  well as Rule 47.1 of the Local Rules for the United States

6  District Court for the Southern District of California, a

7  Defendant is entitled to an evidentiary hearing on a motion to

8  suppress only when the defendant adduces specific facts sufficient

9  to require the granting of Defendant's motion.  <u>United States v.

10  Batiste</u>, 868 F.2d 1089, 1093 (9th Cir. 1989)(where "defendant, in

11  his motion to suppress, failed to dispute any material fact in the

12  government's proffer, ... the district court was not required to

13  hold an evidentiary hearing"); <u>United States v. Moran-Garcia</u>, 783

14  F.Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing

15  indefinite and unsworn allegations was insufficient to require

16  evidentiary hearing on defendant's motion to suppress statements);

17  Crim. L.R. 47.1.

18      Requiring a declaration from a defendant in no way

19  compromises Defendant's constitutional rights, as declarations in

20  support of a motion to suppress cannot be used by the government

21  at trial over a defendant's objections.  <u>Batiste</u>, 868 F.2d at 1092

22  (proper to require declaration in support of Fourth Amendment

23  motion to suppress); <u>Moran-Garcia</u>, 783 F.Supp at 1271-74

24  (extending <u>Batiste</u> to Fifth Amendment motion to suppress).

25      Nor is it reasonable to object that a Defendant will have

26  less information that the government, and so should not be

27

28                                    5

required to provide proof to support a motion. <u>Batiste</u>, 868 F.2d at 1092. At least in the context of motions to suppress statements, which require police misconduct incurred by Defendant while in custody, Defendant should be able to provide the facts supporting the claim of misconduct.

The objection that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit. Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury." Nothing in section 3501 betrays any Congressional intent to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court. <u>Batiste</u>, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.")(citation and quotation marks omitted).

C.    <u>There is Adequate Proof to Support a Rejection of a Motion to Suppress</u>

The Ninth Circuit has expressly stated that a government proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts. <u>Batiste</u>, 868 F.2d at 1092. As the Defendant in this case has failed to provide declarations alleging specific and material facts, the Court would be within its discretion to deny Defendant's motion based solely on the statement of facts attached to the complaint in this case, without any further showing by the Government.

The defendant has claimed in his pleadings that the advice of rights he received was confusing and he was and he received

6

implicit promises of leniency.  A review of the DVD in this case demonstrates that this did not happen.  Although much of the questioning of the defendant took place in Spanish, there was also much on-the-scene translating going on.

When the defendant was being advised of his rights, the agents had him read each right, asked him if he understood the right, and then place his initials by each right.  Again, it must be noted that this was the identical form that the defendant had received in his previous arrest.  Agent Dotson did say that if the defendant wanted to have his side of the story included in the report, he would have to sign the sheet because the agents couldn't talk to him.  While this was inartfully phrased, certainly it was true.  PEREZ was then told to read the part of the form dealing with the renunciation of rights.

PEREZ has argued that there was a confusion in the administration of rights, similar to that in United States v. San Juan Cruz, 314 F.3d 384 (9th Cir. 2002).  However, as can be seen in the DVD, PEREZ was paying attention to what the agents said, and when he had a question, he asked.  He asked for clarification from the officer doing interpretation.  He specifically asked if he would lose his rights by speaking to the officers.  On the video, one of the agents specifically told him that he always had his rights and could reassert them at any time.  It was only at that point that the officers began questioning PEREZ about the offense.  It is readily apparent from the video that there were no coercive tactics employed in the questioning.

1    The Ninth Circuit recently described the parameters of a

2    valid waiver of rights in United States v. Crews, 502 F.3d 1130,

3    1139-40 (9th Cir. 2007):

4         There is a presumption against waiver, of which the
     Government bears the burden of overcoming by a
5         preponderance of the evidence. United States v.
     Garibay, 143 F.3d 534, 536 (9th Cir. 1998). To meet this
6         burden, generally, the Government must prove that, under
     the totality of the circumstances, the defendant was
7         aware of the nature of the right being abandoned and the
     consequences of such abandonment. Id. Several factors to
8         consider are (I) the defendant's mental capacity; (ii)
     whether the defendant signed a written waiver; (iii)
9         whether the defendant was advised in his native tongue
     or had a translator; (iv) whether the defendant appeared
10        to understand his rights; (v) whether the defendant's
     rights were individually and repeatedly explained to
11        him; and (vi) whether the defendant had prior experience
     with the criminal justice system. Id. at 537-39.

12

13        Following these criteria, the Government has shown that the

14   defendant's statement was voluntary. His mental capacity, as seen

15   from the video, was adequate. He did sign a written waiver, and

16   was advised of his rights in his native tongue and had an

17   interpreter present. The defendant had a question about his

18   rights, and he asked about them. His rights were explained

19   individually. Finally, and significantly, this defendant had had

20   those identical rights provided to him less than two years prior.

21   The totality of circumstances of this case shows, by more than a

22   preponderance of the evidence, that PEREZ validly waived his

23   rights and spoke voluntarily to the agents.

24                              III.

25                    NOTICE OF 404(B) EVIDENCE

26        The United States hereby gives notice that it intends to seek

27   admission of the defendant's December 15, 2006 conduct as evidence

28                                8

of "other acts" in accordance with Rule 404(b) of the Federal Rules of Evidence.

### III.

### CONCLUSION

For the foregoing reasons, the Government requests that defendant's motion to suppress statements be denied.  The motion concerning 404(b) evidence will be more fully explored in Motions in Limine.

DATED: August 25, 2008

Respectfully submitted,

KAREN P. HEWITT
UNITED STATES ATTORNEY

/s/ Anne Perry
ANNE KRISTINA PERRY
ASSISTANT U.S. ATTORNEY
anne.perry2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr1728 IEG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOSE MANUEL PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Anne Kristina Perry, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of the Government's Response in Opposition to the Defendant's Motion  to suppress statements, and the Notice of 404(b) Evidence,  upon Elizabeth Barros, Federal Defenders of San Diego, Inc., by filing with the Clerk of the District Court using its ECF System, which electronically notifies her.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2008

s/Anne Perry
ANNE KRISTINA PERRY
Assistant U.S. Attorney
Anne.Perry2@usdoj.gov

10

Exhibit 1



# CUSTOMS AND BORDER PROTECTION
# FIELD OPERATIONS SAN DIEGO
# INCIDENT REPORT

| NARRATIVE CONTINUATION ☐ | REPORT OF OTHER OFFICER INVOLVED IN INCIDENT ☒ |
|---|---|

| REPORTING OFFICER NAME/TITLE/AGENCY: | Martinez, J./CBPO/CBP | |
|---|---|---|

| SUBJECTS NAME: Jesus M. Perez | | DOB: 07051979 |
|---|---|---|

| PORT OF ENTRY: 2503 | SEIZURE NO: 2007-2503-000149-01 | DATE: 12/15/2006 |
|---|---|---|

| TOPIC: 42.80 kgs Marijuana |
|---|

| IOIL NO. (IF ANY) - - - - |
|---|

(Write in first person: identify observations, statements and behavior: contraband concealment: other pertinent facts.)

On December 15, 2006 at approximately 0252 HRS. while assigned to primary vehicle lane 10, a blue plymouth voyager minivan plate # BAMX/BAX3858 approached my booth to gain entry into the United States. The driver, Jesus M. Perez, claimed U.S. Citizen, when handing me a U.S. Passport I observed his hands were shaky. I questioned him where he was going and replied to work, but could not tell me the name of his work place. I observed K9 CBPO Price conducting a pre-primary and requested him to utilize his NDD Senna CD-07. He instructed me to refer vehicle for more intensive exam, After receiving a negative customs declaration I decided on referring vehicle for a futher inspection. I later learned that the subject had 42.80 kgs of a substance that field tested positive for Marijuana hidden wihin the van.

REPORTING OFFICER/BADGE NO: 6981

REVIEWING SENIOR/BADGE NO:

APPROVING SUPERVISOR/BADGE NO: 06846

AREA CODE (619) SAN YSIDRO: 690-8800 / OTAY MESA: 671-8900 / TECATE: 478-5341 / AREA CODE (760) CALEXICO: 768-2626 / ANDRADE: 572-0089

Exhibit 2



**U.S. Immigration
and Customs
Enforcement**

## DECLARACIÓN DE DERECHOS

Antes de que le hagamos cualquier pregunta, Ud. debe conocer sus derechos.

Ud. tiene derecho a permanecer callado(a).

Cualquier cosa que Ud. diga puede usarse en su contra en un tribunal o en cualquier otro procedimiento.

Ud. tiene derecho a consultar un abogado antes de que Ud. haga cualquier declaración o conteste cualquier pregunta.

Ud. tiene derecho a tener un abogado presente con Ud. durante el interrogatorio.

Si no puede pagar un abogado, se le proporcionará uno antes de que le hagamos cualquier pregunta, si Ud. lo desea.

Si decide responder a nuestras preguntas ahora, Ud. aún retiene el derecho de detener el interrogatorio en cualquier momento, o de detener el interrogatorio para el propósito de consultar con un abogado.

---

## RENUNCIA A LOS DERECHOS

Me han leído y explicado esta declaración de mis derechos y entiendo completamente estos derechos.  Renuncio a ellos libre y voluntariamente, sin ser amenazado(a) ni intimidado(a), y sin promesa de compensación o inmunidad. Fui detenido(a) a la(s) ___0255___ (hora), en el __12/15/06__ (fecha), y he firmado este documento a la(s) __0745__ (hora), en el __12/15/06__ (fecha).

_JESÚS PÉREZ_                          _JESÚS PÉREZ_
Nombre                                 Firma

Testigo: _____        Fecha: _12/15/06_

Testigo: _____        Fecha: _12/15/06_

Exhibit 3

O F I C I A L   U S E   O N L

| DEPARTMENT OF HOMELAND SECURITY<br>ICE | PAGE   3 |
|---|---|
| | CASE NUMBER CA13ME07CA0143 |
| R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | REPORT NUMBER: 001 |

Miranda in Spanish with S/A Henderson present. PEREZ orally waived his rights, as well as signing the written waiver of rights, agreeing to make a statement.

PEREZ stated that he imagined "drugs" were in the van. PEREZ said that he was to drive the van to Arco in Calexico. PEREZ said that he was to be paid $1500.00 to drive the controlled substance laden vehicle to Calexico.

PEREZ stated that a Hispanic male that he knew as CESAR had hired him. CESAR was about 32 years old, 5'10", muscular, bald, black eyed with a mustache. CESAR had a tattoo of three dots in the web of his right hand. This tattoo was between the thumb and forefinger. PEREZ said that CESAR spoke English and Spanish.

PEREZ said that he saw CESAR with another male that he could not describe. CESAR was passenger in a dark blue Chevrolet four (4) door "Silverado" pick-up. The pick-up had dark tinted windows, oversized rims and was possibly a 2006 or newer.

CESAR asked PEREZ for the name of a female for the van registration. PEREZ gave CESAR the name of his girlfriend Johana Cecilia Martinez-Ortega. CESAR returned later the same day with the registration in the name of Martinez.

ICE Agents arrested PEREZ for violations of 21 USC 952 and 960, Importation of Marijuana. PEREZ was booked into the Imperial County Jail, El Centro, California, pending an appearance in U.S. Magistrate Court.

VEHICLE AND SUSPECT DATA:

DEFENDANT:

| | |
|---|---|
| Name: | PEREZ, Jesus Manuel |
| AKA: | none |
| DOB: | 07/05/1979 |
| POB: | San Bernardino, California |
| Phone #: | 011526865649814 |
| Address: | 1298 Rio Presidio y Jose Maria Agullo<br>Mexicali, Mexico |

CRIMINAL RECORD:

Queries of TECS and the National Crime Information Center (NCIC) regarding Jesus Manuel PEREZ (DOB: 07/05/79) were positive with

O F F I C I A L   U S E   O N L Y

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

Exhibit 4

FILED

JAN 1 6 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ CF _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR0099-BEN |
| Plaintiff, | ) | I N F O R M A T I O N |
| v. | ) | Title 21, U.S.C., Secs. 952 and 960 - Importation of Marijuana (Felony) |
| JESUS MANUEL PEREZ, | ) | |
| Defendant. | ) | |

The United States Attorney charges:

On or about December 15, 2006, within the Southern District of California, defendant JESUS MANUEL PEREZ, did knowingly and intentionally import approximately 42.80 kilograms (approximately 94.16 pounds) of marijuana, a Schedule I Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

DATED: January 16, 2007.

                                CAROL C. LAM
                                United States Attorney

                                STEWART M. YOUNG
                                Assistant U.S. Attorney

WAH:psd:Imperial
1/12/07

Exhibit 5

1  CAROL C. LAM
   United States Attorney
2  WILLIAM A. HALL JR.
   Assistant U.S. Attorney
3  California State Bar No. Pending
   STEWART M. YOUNG
4  Assistant U.S. Attorney
   California State Bar No. 234889
5  Federal Office Building
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7046/557-6228
7
   Attorneys for Plaintiff
8  United States of America

9
                    UNITED STATES DISTRICT COURT
10
                   SOUTHERN DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,    )   Criminal Case No. 07 CR 0099 BEN
12                              )
                  Plaintiff,    )
13                              )
        v.                      )   PLEA AGREEMENT
14                              )     (Fast-Track)
   JESUS MANUEL PEREZ,          )
15                              )
                                )
16              Defendant.      )
                                )
17  _____)

18      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

19  AMERICA, through its counsel, Carol C. Lam, United States Attorney,

20  and William A. Hall Jr. and Stewart M. Young, Assistant United States

21  Attorneys, and defendant, JESUS MANUEL PEREZ, with the advice and

22  consent of William W. Brown, counsel for defendant, as follows:

23  //

24  //

25  //

26  //

27  //

28  //

                                          Def. Initials J·P

# I

## THE PLEA

A.  The Charge.  Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> **knowingly and intentionally importing approximately 42.80 kilograms/94.16 pounds (gross weight)of marijuana, a Schedule I Controlled Substance, into the United States from a place outside thereof, on or about December 15, 2006, within the Southern District of California, in violation of 21 U.S.C. §§ 952 and 960.**

B.  Reduction For Packaging.  As a concession to and at the request of defendant, and because it will affect the sentencing recommendations (Base Offense Level) in Section X of this agreement, the Government agrees to reduce the amount of the gross weight of the marijuana by 10% to account for the weight of the packaging materials. The resulting net weight of the marijuana will be used throughout this agreement.

C.  Early Disposition (Fast-Track) Program.  The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

D.  Program Requirements.  As part of this plea agreement, and as set forth in Section X.A.5. below, the United States will move the Court to depart downward two offense levels under USSG § 5K3.1 provided defendant complies with the following early disposition (Fast-Track) program requirements, to which defendant specifically agrees: (1) waives indictment, (2) files or argues no substantive motions, including those described in Fed. R. Crim. P. 12, (3) pleads guilty within 60 days of arraignment on the complaint initially filed

2

06CR J.P

against defendant ("arraignment"), (4) if defendant is illegally in the United States, stipulates to removal after completion of the sentence, and (5) waives appeal and collateral attack of the conviction and sentence (see Section XI below).

E.    Timeliness/Offer Revocation.    The disposition contemplated by this agreement is conditioned on (1) the original plea agreement being signed by defendant and defense counsel and returned to Government counsel not later than five business days before the disposition date, and (2) the guilty plea being entered on or before **February 16, 2007**. Further, in the event that defendant seeks a delay in the disposition in this case to a date beyond 60 days of arraignment, the United States may in its sole discretion revoke the disposition offer contained in this plea agreement and seek defendant's indictment on the underlying charge(s).

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.    Defendant intentionally brought marijuana into the United States; and

2.    Defendant knew that it was marijuana or some other prohibited drug.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

Def. Initials J·P
___CR _____

3

1.    That on or about December 15, 2006, defendant knowingly and intentionally drove a blue 1993 Plymouth Voyager bearing Baja California, Mexico license plate #BAX3858, (the "vehicle") from Mexico into the United States through the Calexico, California West Port of Entry (POE).

2.    That at the time the vehicle described above entered the United States through the Calexico West POE, concealed within the vehicle was approximately 38.52 kilograms/84.74 pounds (net weight) of marijuana, a Schedule I Controlled Substance.

3.    That at the time defendant knowingly and intentionally drove the vehicle described above into the United States through the Calexico West POE, he knew that the vehicle contained approximately 38.52 kilograms/84.74 pounds (net weight) of marijuana, or some other prohibited drug.

### III

### PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A.    a maximum 5 years in prison;

B.    a maximum $250,000 fine;

B.    a mandatory special assessment of $100.00 per count; and

C.    a term of supervised release of at least 2 years but no more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.    continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    a speedy and public trial by jury;

C.    the assistance of counsel at all stages of trial;

D.    confront and cross-examine adverse witnesses;

Def. Initials _J.P_
____CR _____

4

E.      present evidence and to have witnesses testify on behalf of defendant; and

F.      not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant.  The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses.  In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense.  Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and Defendant also waives the right to this information.  Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.      Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

Def. Initials J.P
____CR _____

5

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.  No one has threatened defendant or defendant's family to induce this guilty plea; and

D.  Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

### VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

### VIII

### APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the

Def. Initials J.P
____CR _____

6

1 presentence report. Nothing in this plea agreement shall be construed

2 as limiting the Government's duty to provide complete and accurate

3 facts to the district court and the U.S. Probation Office.

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

6      This plea agreement is made pursuant to Federal Rule of Criminal

7 Procedure 11(c)(1)(B). Defendant understands that the sentence is

8 within the sole discretion of the sentencing judge. The Government

9 has not made and will not make any representation as to what sentence

10 defendant will receive. Defendant understands that the sentencing

11 judge may impose the maximum sentence provided by statute, and is also

12 aware that any estimate of the probable sentence by defense counsel

13 is a prediction, not a promise, and is **not binding on the Court**.

14 Likewise, the recommendation made by the Government is not binding on

15 the Court, and it is uncertain at this time what defendant's sentence

16 will be. Defendant also has been advised and understands that if the

17 sentencing judge does not follow any of the parties' sentencing

18 recommendations, defendant nevertheless has no right to withdraw the

19 plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

22      A.    SENTENCING GUIDELINE CALCULATIONS

23      Although the parties understand that the Guidelines are only

24 advisory and just one of the factors the court will consider under

25 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly

26 recommend the following Base Offense Level, Specific Offense

27 Characteristics, Adjustments and Departures (if applicable):

28 //

Def. Initials J·P
____CR _____

7

1.   Base Offense Level [§ 2D1.1]                    18

2.   Safety Valve (if applicable)                    -2*
     [§§ 2D1.1(b)(9) and 5C1.2]

3.   Minor Role [§ 3B1.2(b)]                          -2

4.   Acceptance of Responsibility [§ 3E1.1]  -2

5.   Departure for Fast Track [§ 5K3.1]         -2

     Total Offense Level                              10

*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2, the government will recommend a two-level reduction (in drug cases only) under § 2D1.1(b)(9), and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. Defendant understands that if he/she does not qualify for § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.

B.   ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.4 above, the Government will <u>not</u> recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant:

    1.   Fails to admit a complete factual basis for the plea at the time it is entered, or

    2.   Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

    3.   Fails to appear in court, or

    4.   Engages in additional criminal conduct, or

    5.   Attempts to withdraw the plea, or

    6.   Refuses to abide by any lawful court order.

//

C.    <u>ADJUSTMENTS</u>

The parties agree that defendant may request additional downward adjustments and that the Government will oppose any downward adjustment not set forth in Section X, paragraph A above.

D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

E.    <u>DEPARTURES</u>

The parties agree that defendant may request additional downward departures, including criminal history departures under USSG § 4A1.3.; however, defendant may not file or argue substantive motions, including those described in Fed. R. Crim. P. 12, under this subsection. The parties agree further that the Government will oppose any downward departure not set forth in Section X, paragraph A above.

F.    <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G.    <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The parties agree that the Government will recommend that defendant be sentenced to the **low end** of the advisory guideline range as calculated by the Government pursuant to this agreement. However, if the Court adopts an offense level or downward adjustment or departure below the Government's recommendations in this plea agreement, the Government will recommend a sentence as near as possible to what the sentence would have been if the Government's recommendations had been followed.

Def. Initials J-P

___CR _____

9

H.   SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing.  The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I.   STIPULATED REMOVAL

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official.  Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case.  Defendant further waives any right to appeal, reopen or challenge the removal order.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, the defendant may appeal,  but the Government will be free to support on appeal the sentence actually imposed.  If defendant believes the Government's recommendation is not in accord with this agreement,

Def. Initials J-P

10

____CR _____

1  defendant will object at the time of sentencing; otherwise the
2  objection will be deemed waived.

3      If defendant breaches this plea agreement, at any time, by
4  appealing or collaterally attacking the conviction or sentence, in any
5  way, the Government may prosecute defendant for any counts, including
6  those with mandatory minimum sentences, dismissed or not charged
7  pursuant to this plea agreement. Additionally, the Government may use
8  any factual admissions made by defendant pursuant to this plea
9  agreement in any such prosecution.

10                                XII

11  **CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT
    THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE
12  THE PLEA**

13      This plea agreement is based on the understanding that, prior to
14  defendant's sentencing in this case, defendant has not committed or
15  been arrested for any offense not known to the Government prior to
16  defendant's sentencing.  This plea agreement is further based on the
17  understanding that defendant has committed no criminal conduct since
18  defendant's arrest on the present charges, and that defendant will
19  commit no additional criminal conduct before sentencing.  If defendant
20  has engaged in or engages in additional criminal conduct during this
21  period, or breaches any of the terms of any agreement with the
22  Government, the Government will not be bound by the recommendations
23  in this plea agreement, and may recommend any lawful sentence.   In
24  addition, at its option, the Government may move to set aside the
25  plea.
26  //
27  //
28  //

                                    11

Def. Initials J·P
____CR _____

1              XIII

2         ENTIRE AGREEMENT

3        This plea agreement embodies the entire agreement between the

4   parties and supersedes any other agreement, written or oral.

5              XIV

6     MODIFICATION OF AGREEMENT MUST BE IN WRITING

7        No modification of this plea agreement shall be effective unless

8   in writing signed by all parties.

9              XV

10    DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

11       By signing this agreement, defendant certifies that defendant has

12   read it (or that it has been read to defendant in defendant's native

13   language).  Defendant has discussed the terms of this agreement with

14   defense counsel and fully understands its meaning and effect.

15             XVI

16       DEFENDANT SATISFIED WITH COUNSEL

17       Defendant has consulted with counsel and is satisfied with

18   counsel's representation.

19                                    CAROL C. LAM
                                      United States Attorney

20   _____1/26/07_____

21   DATED                            _____
                                      STEWART M. YOUNG

22                                    Assistant U.S. Attorney

23   _____1/25/07_____        _____
     DATED                            WILLIAM W. BROWN
                                      Defense Counsel

24

25   IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR
     UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS"
26   PARAGRAPH ABOVE ARE TRUE.

27   _____1/25/07_____        JESUS PEREZ
     DATED                            JESUS MANUEL PEREZ

28                                    Defendant

     Translated by: Danielle Leyva
        on   1/25/07                        12                    ____CR____

Exhibit 6

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED

# UNITED STATES DISTRICT COURT

2007 MAY 18 PM 2: 23

SOUTHERN DISTRICT OF CALIFORNIA

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| JESUS MANUEL PEREZ (1) | Case Number: 07CR0099-BEN |
| | WILLIAM WINFIELD BROWN |
| | Defendant's Attorney |

**REGISTRATION NO.** 00328298

☐

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1 OF THE INFORMATION.

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
| --- | --- | --- |
| 21 USC 952, 960 | IMPORTATION OF MARIJUANA (FELONY) | 1 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

Assessment: $100.00

☒ Fine waived        ☐ Property forfeited pursuant to order filed _____ included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

MAY 14, 2007

Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

Entered Date:

07CR0099-BEN

AO 245B    (Rev. 9/00) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: JESUS MANUEL PEREZ (1)
CASE NUMBER: 07CR0099-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

EIGHTEEN (18) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.    ☐ p.m.    on _____

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

07CR0099-BEN

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT: JESUS MANUEL PEREZ (1)
CASE NUMBER: 07CR0099-BEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

THREE (3) YEARS.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than ___4___ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.    ■

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court . The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

07CR0099-BEN

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Continued 2 — Supervised Release

Judgment—Page    4    of    4

DEFENDANT: JESUS MANUEL PEREZ (1)
CASE NUMBER: 07CR0099-BEN

# SPECIAL CONDITIONS OF SUPERVISION

[x] Not possess any firearm, explosive device or other dangerous weapon.

[x] Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

[ ] The defendant shall violate no laws, federal, state and local, minor traffic excepted.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[x] Not operate a motor vehicle without being properly licensed and without having financial responsibility/insurance.

[x] Not operate a motor vehicle with any detectable amount of alcohol in his body.

[x] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

[x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Participate in a mental health treatment program as directed by the probation office.

[ ] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within        days.

[ ] Complete        hours of community service in a program approved by the probation officer within

[ ] Reside in a Community Corrections Center (CCC) as directed by the probation officer for a period of

[ ] Reside in a Community Corrections Center (CCC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

[ ] Remain in your place of residence for a period of                , except while working at verifiable employment, attending religious services or undergoing medical treatment.

[ ] Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

[ ] Comply with the conditions of the Home Confinement Program for a period of        months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

[x] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

07CR0099-BEN

# Exhibit 7



**U.S. Immigration and Customs Enforcement**

## DECLARACIÓN DE DERECHOS

*J.P* Antes de que le hagamos cualquier pregunta, Ud. debe conocer sus derechos.

*J.P* Ud. tiene derecho a permanecer callado(a).

*J.P* Cualquier cosa que Ud. diga puede usarse en su contra en un tribunal o en cualquier otro procedimiento.

*J.P* Ud. tiene derecho a consultar un abogado antes de que Ud. haga cualquier declaración o conteste cualquier pregunta.

*J.P* Ud. tiene derecho a tener un abogado presente con Ud. durante el interrogatorio.

*J.P* Si no puede pagar un abogado, se le proporcionará uno antes de que le hagamos cualquier pregunta, si Ud. lo desea.

*J.P* Si decide responder a nuestras preguntas ahora, Ud. aún retiene el derecho de detener el interrogatorio en cualquier momento, o de detener el interrogatorio para el propósito de consultar con un abogado.

## RENUNCIA A LOS DERECHOS

Me han leído y explicado esta declaración de mis derechos y entiendo completamente estos derechos. Renuncio a ellos libre y voluntariamente, sin ser amenazado(a) ni intimidado(a), y sin promesa de compensación o inmunidad. Fui detenido(a) a la(s) ___10, 2 0___ (hora), en el ___5-14-8___ (fecha), y he firmado este documento a la(s) _____ (hora), en el ___5-14-8___ (fecha).

Nombre ___JESÚS PERE___

Firma ___JESÚS PEREZ___

Testigo: _____     Fecha: _5/14/08_

Testigo: _____     Fecha: _____

011



# U.S. Immigration and Customs Enforcement

*[Translation]*

## STATEMENT OF RIGHTS

J.P.   Before we ask you any question, you should know your rights.

J.P.   You have the right to remain silent.

J.P.   Anything that you say can be used against you in a court or in any other proceeding.

J.P.   You have the right to consult an attorney before you make any statement or answer any question.

J.P.   You have the right to have an attorney present with you during the questioning.

J.P.   If you cannot pay an attorney, one will be provided for you before we ask you any question, if you so desire.

J.P.   If you decide to respond to our questions now, you still retain the right to stop the questioning at any time, or to stop the questioning for the purpose of consulting with an attorney.

---

## WAIVER OF RIGHTS

This statement of my rights has been read and explained to me and I completely understand these rights. I freely and voluntarily waive them, without being threatened or intimidated, and without promise of compensation or immunity. I was arrested at __10.20__ (hours), on __5-14-8__ (date), and I have signed this document at _____ (hours), on __5-14-8__ (date).

__Jesus PERE__                          __Jesus PEREZ__
Name                                     Signed

Witness:   [Illegible rubric]            Date: __5/14/08__

Witness:   __Rto Cty__                   Date: _____011_____



Translated by Andrew J. Hanson, U.S.C.C.I.
August 21, 2008