KAREN P. HEWITT
United States Attorney
ANNE KRISTINA PERRY
Assistant U.S. Attorney
California State Bar No. 107440
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5767

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>JOSE GONZALEZ-PERALES (2),<br><br>           Defendant. | Criminal No. 08CR1728-IEG<br><br>DATE: September 15, 2008<br>TIME: 2:00 pm<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE TO:<br><br>(1) SUPPRESS CO-DEFENDANT'S STATEMENT UNDER BRUTON;<br>(2) PROHIBIT USE OF DEFENDANT'S PRIOR CONVICTION;<br>(3) PROHIBIT USE OF EVIDENCE OF DRUG ORGANIZATION, STRUCTURE, AND DRUG COURIER PROFILE;<br>(4) PROHIBIT "IRRELEVANT EVIDENCE";<br>(5) PERMIT ATTORNEY-CONDUCTED VOIR DIRE;<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its response and opposition to the above-referenced motions. This response and opposition is based upon the files and records of the

case, together with the attached statement of facts and memorandum of points and authorities.

**I.**

**STATEMENT OF FACTS**

On May 14, 2008, at approximately 10:20 a.m., defendants Jesus Manuel Perez and Jose Gonzalez-Perales entered the United States at the Calexico, California, West Port of Entry. Perez was driving a brown 2000 Chrysler Sebring, and Gonzalez was a passenger in the vehicle. The vehicle was registered in Perez's name, and bore California license plate 6AMX949. At the primary inspection area, the defendants gave Customs and Border Protection Officer (CBPO) J. Stensgard negative customs declarations. The vehicle was selected for secondary inspection by an automated targeting system, and Perez appeared nervous when CBPO Stensgard told him that the vehicle was being referred to secondary.

At secondary inspection, Perez told CBPO L. Garcia that he owned the vehicle, and that he and Gonzalez were traveling to Calexico to go shopping. CBPO Garcia requested that the two defendants exit the vehicle and asked CBPO S. Barela to conduct an inspection of the Sebring using his Narcotics Detector Dog, "Astrix." During the inspection, CBPO Garcia noted that both defendants acted nervous and that their hands were shaking. Astrix entered the vehicle and alerted to the backseat rest portion of the vehicle's interior. The defendants were immediately handcuffed. Further inspection of the vehicle by CBPO Garcia revealed 20 packages concealed in a non-factory compartment behind the backseat. The packages were wrapped in clear cellophane with tan-colored packing tape. A probe of the packages produced a white powdery substance, which field-tested positive for

cocaine. The 20 packages had a combined net weight of approximately 22.60 kilograms (49.72 pounds).

Perez and Gonzalez were each placed under arrest and each were separately advised of their Miranda rights. During each interview, both Perez and Gonzalez acknowledged their rights, waived their rights, and agreed to answer questions. During the Perez interview, Perez stated to Immigration and Customs Enforcement Agent Dotson that he thought that the vehicle contained 20 kilograms of marijuana. Perez stated that he was to be paid $1,500.00 to take the vehicle to the "hotel near the carwash" in Calexico, CA. Perez and Gonzalez are friends and they spend time together. Perez stated that Gonzalez called him the day before to arrange a ride to Gonzalez's Probation Officer's house in El Centro, CA. Perez picked Gonzalez up from Gonzalez's girlfriend's house on the morning of May 14, 2008.

During the Gonzalez interview, Gonzalez denied knowledge of any illegal substance in the vehicle. He stated that he had never seen the vehicle before May 14, 2008. Gonzalez stated that he and Perez are roommates and that they don't see each other very much. He claimed that they happened to meet each other as Gonzalez was going to the bus station in order to see his Probation Officer, and that Perez offered Gonzalez a ride instead.

**II.**

**POINTS AND AUTHORITIES**

**A. DEFENDANT'S MOTION TO SUPPRESS CO-DEFENDANT'S STATEMENT MUST BE DENIED**

The defendant seeks to suppress the co-defendant's statement in this case, claiming prejudice under Bruton v. United States, 391 U.S. 123 (1968). However, in Bruton, as in many cases where severance of cases are sought, the co-defendant's statement about Bruton was

inculpatory. A government witness testified at trial that Bruton had confessed to him that he and a co-defendant had committed the crime for which they were being prosecuted. The Supreme Court, upon reviewing the situation, held that "because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining [Bruton's] guilt, admission of [the co-defendant's] confession in this joint trial violated [Bruton's ] right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." The Court further stated: "Plainly, the introduction of [the co-defendant's] confession added substantial, perhaps even critical weight to the Government's case in a form not subject to cross-examination, since [the co-defendant] did not take the stand. [Bruton] thus was denied his constitutional right of confrontation." Id. at 127-28.

The instant case presents a completely opposition situation. In this case, co-defendant Perez did confess to committing the crime of importing drugs into the United States, but he completely exonerated Gonzalez. Bruton does not apply. Even if it did, Perez's statement could be easily sanitized to deal with his own guilt.

**B.   DEFENDANT'S PRIOR CONVICTION SHOULD BE ADMITTED PURSUANT TO FED. R. EVID. 404(B) and 609.**

For the reasons set forth in the United States' motions in limine, the defendant's prior conviction should be admitted in the case-in-chief, and certainly as impeachment should the defendant take the stand.

**C.   DEFENDANT'S MOTION TO PRECLUDE DRUG COURIER AND RELATED EVIDENCE SHOULD BE DENIED**

The United States repeats and realleges its arguments as set forth in its motions in limine.

**D.   DEFENDANT'S MOTION TO PROHIBIT "IRRELEVANT EVIDENCE" SHOULD BE DENIED AS BEING PREMATURE**

The defendant has argued that government witnesses should not opine about various issues, some of which have already been covered in the United States' motions in limine. Not addressed was the defendant's argument that the Court should preclude the value expert from testifying to irrelevant experience dealing with large-scale narcotics seizures. The fact that an expert has experience with large scale seizures could be relevant in this case, which was more than 20 kilograms of cocaine. The United States would respectfully request that the Court defer ruling on this issue until the expert witness is noticed and the defense has the opportunity to review the witness' qualifications.

**E.   THE DEFENDANT'S MOTION FOR ATTORNEY-CONDUCTED VOIR DIRE SHOULD BE DENIED**

While it is in the discretion of the Court to allow attorney-conducted voir dire, United States v. Cutler, 806 F. 933(9th Cir. 1986), there is nothing particularly complex about this case that would require questioning other than that performed by the Court. Defendant's request for an hour and a half of voir dire is excessive. That being said, should the Court offer the parties the opportunity to conduct voir dire, the United States would request equal time.

**F.   THE UNITED STATES INCORPORATES BY REFERENCE ANY RELEVANT ARGUMENTS MADE IN RESPONSE TO THE CO-DEFENDANT'S MOTIONS IN LIMINE**

As some similar arguments have been made by the co-defendant herein, the United States respectfully asks this Court to consider any relevant responses to those arguments in its determinations as to this case.

## III.

## **CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed.

DATED: September 5, 2008.

```
                                    Respectfully submitted,
                                    KAREN P. HEWITT
                                    United States Attorney

                                    s/ Anne Perry
                                    Anne Kristina Perry
                                    Assistant U.S. Attorney
                                    anne.perry2@usdoj.gov
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                    )<br>                Plaintiff,          )<br>                                    )<br>        v.                          )<br>                                    )<br> JOSE GONZALEZ-PERALES (2),         )<br>                                    )<br>                Defendant.          )<br> _____) | Case No. 08CR1728IEG<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

　　　I, ANNE PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　　I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions in Limine on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　　**Jack Boltax, Esq.**
　　　Email:  jbefile@gmail.com

　　　I declare under penalty of perjury that the foregoing is true and correct.

　　　Executed on September 5, 2008.

                                        s/Anne Perry
                                        ANNE KRISTINA PERRY

08CR1728